```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
```

RALPH COUNTRYMAN,                )    3:06-CV-00236-ECR-VPC
                                 )
     Plaintiff,                  )    MINUTES OF THE COURT
                                 )
vs.                              )    DATE: MARCH 10, 2008
                                 )
DONAT, et al.,                   )
                                 )
     Defendant.                  )
_____)

PRESENT:    EDWARD C. REED, JR.                U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN        Reporter:   NONE APPEARING

Counsel for Plaintiff(s)              NONE APPEARING

Counsel for Defendant(s)              NONE APPEARING

MINUTE ORDER IN CHAMBERS

   The Court has received the Report and Recommendation (#69) of the Magistrate Judge regarding Plaintiff and Defendant's cross-motions for summary judgment. (##45, 51.)  Plaintiff and Defendant have both filed Objections (#72, 74).

   The Report and Recommendation will be **ADOPTED** with one modification:

   Whether Defendant is entitled to qualified immunity in his RLUIPA claim challenging the requirement for outside sponsors is a very close call.  Adkins v. Kaspar, 393 F.3d 559 (5th Cir. 2004), is distinguishable, and in some respects questionable.  The Adkins court "admit[ted] to lingering concerns," id. at 571, which were only alleviated by the prospective promises of prison personnel.  Adkins also relied substantially on the fact that the regulation concerning outside sponsors in that case was a rule of general application, id. at 571, notwithstanding the text of Section 2000cc-1(a).  See 42 U.S.C. § 2000cc-1 ("[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability") (emphasis supplied).  However, we agree with the Magistrate Judge that Adkins at least demonstrates that the law

with respect to outside sponsor requirements was not clearly established on the dates at issue in this case.

The Court disagrees with the Magistrate Judge insofar as she found as a matter of law that the restrictions placed on guitars and keyboards could not amount to a substantial burden on Plaintiff's religious exercise. Congress has dictated that "'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 25 U.S.C. § 2000cc-5(7)(A). In light of Plaintiff's statement that his music is his "primary expression of [his] worship," genuine issues of material fact remain on the issue of whether his religious exercise, as defined by Congress, has been substantially burdened. That said, Defendant is entitled to qualified immunity on this issue as well. It is, therefore, unnecessary for the Court to reach the issue of whether the prison's policy "(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 25 U.S.C. § 2000cc-5(7)(A).

With this modification, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and the objections (##72, 74) filed by the parties are **OVERRULED**. Defendants' Motion for Enlargement of Time to File a Response to Plaintiff's Objections (#75) is **DENIED** as moot.

**IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion (#45) for summary judgment is **DENIED**. Defendant's motion (#51) for summary judgment is **DENIED** as to Plaintiff's equal protection claim concerning his ability to meet with outside sponsors and to conduct inmate-led services, and **GRANTED** as to all other claims.

LANCE S. WILSON, CLERK

By      /s/     
    Deputy Clerk